IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

04 JAN 14 PM 3:32

Miya Perez and Gabriel Alexander Perez,
infants and minor children, by their guardian
and parent, CRYSTAL HAYES, and
TERESA REYES, individually and
as Personal Representative of the
Estate of Paul Aaron Perez, Deceased,

        Plaintiffs,

vs.                                                                                       No. CIV 02-1355 RB/LAM

JIMMY A. GARCIA, Deputy Sheriff for
Luna County, New Mexico, and BOARD
OF COUNTY COMMISSIONERS OF THE
COUNTY OF LUNA, NEW MEXICO,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Plaintiffs' Motion for New Trial (Doc. 98), filed on December 3, 2003. Jurisdiction arises under 28 U.S.C. §§ 1331., 1343(a)(3) and 1367. Having reviewed the submissions of the parties and the relevant law, the Court finds that the motion is not well-taken and should be denied.

**I. Background.**

The Plaintiffs filed their Complaint on October 25, 2002, seeking damages and attorney fees under 42 U.S.C. §§1983 and 1988 for deprivation of Paul Aaron Perez's due process and equal protection rights under the United States Constitution (Count I), and supplemental claims under the New Mexico Tort Claims Act and Article II, Section 4 of the New Mexico Constitution (Count II). Paul Aaron Perez (hereinafter "Perez") was seventeen years old on the night he died. Crystal Hayes



is the mother of Perez's children, Miya Perez and Gabriel Alexander Perez. Teresa Reyes is the mother and personal representative of Perez.

## II. Facts.

On June 8, 2001, Perez and several of his friends were drinking heavily over a several hour period. Around 2:30 a.m., Mr. Gray, one of Perez's friends, offered to drive him home. Perez directed Mr. Gray to drop him off at a mobile home on Hermanas Road, near the intersection of Adobe Road. Mr. Gray observed Perez walk toward the mobile home, but did not see him go inside. It was later learned that Galen McGuire, the occupant of the mobile home, did not know Perez. After Mr. Gray left, the inebriated Perez apparently passed out on the traveled portion of the roadway.

While on patrol, Defendant Jimmy A Garcia (hereinafter "Garcia") was traveling north bound on Hermanas Road. He was traveling approximately 55 miles per hour. Garcia's vehicle ran Perez over. Garcia attests that he fell asleep at the wheel and was awakened by a bump. Garcia thought he had run over a rabbit and proceeded with his duties. Garcia did not stop to ascertain what he had run over and did not promptly report the incident. After the incident, Garcia headed home for his lunch break.

Concerned about Perez, Mr. Gray and his wife returned to Hermanas Road and found Perez injured and bleeding on the roadway. At 3:43 a.m., Mrs. Gray called 911 from the McGuire mobile home. Emergency personnel, including Garcia, responded. Perez was transported to Mimbres Memorial Hospital and underwent emergency surgery. He was pronounced dead at 7:58 a.m. on June 8, 2001. The Office of the Medical Investigator determined that Perez died of blunt force injuries after he was run over by Garcia's vehicle.

Following a three day trial, the jury returned a verdict in favor of the Defendants by finding

that the negligence of the Defendant, Garcia was not the proximate cause of the death of Plaintiffs' decedent, Perez. The Plaintiffs, pursuant to Rule 59 of the Federal Rules of Civil Procedure, move for a new trial. The Plaintiffs contend that question number two on the special verdict form and jury instruction number ten failed to present the jury with the proper question on proximate cause. Question number two on the special verdict form asked: "Was the negligence of Defendant a proximate cause of Plaintiff's injuries and damages." The Plaintiffs claim the question on proximate cause should have read: "Was the negligence of Defendant Garcia a proximate cause of the injuries to Paul Aaron Perez and to [of, sic.] the damages to the Plaintiffs, the mother and his children." The Plaintiffs claim the jury misunderstood the special verdict form's question on proximate cause and, accordingly, rendered an inconsistent verdict against them.

## III. Motion For New Trial.

### A. Standard.

The standard applied by a district court in ruling on a motion for a new trial is set forth in Rule 59 of the Federal Rules of Civil Procedure, which provides that "[a] new trial may be granted to all or any of the parties and on all or part of the issues in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." FED. R. CIV. P. 59. The authority to grant a new trial "is confined almost entirely to the exercise of discretion on the part of the trial court." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33 (1980). A district court has ample power to see that justice is done and, where the ends of justice will be served, has the authority to set aside the jury's verdict. *Holmes v. Wack*, 464 F.2d 86 (10th Cir. 1972). However, motions for new trial are generally disfavored and granted only with great caution. *See United States v. Mounkes*, 204 F.3d 1024, 1027-1028 (10th Cir. 2000).

3

### B. Whether the Plaintiffs' Failure to Object to the Court's Special Verdict Form Waives The Right to Later Object to Its Accuracy ?

If a party fails to object to the form of the verdict at the time it is announced by the jury, both parties waive any objections to its accuracy under Rule 49 of the Federal Rules of Civil Procedure. *See Diamond Shamrock Corp. v. Zinke & Trumbo, Ltd.*, 791 F.2d 1416 (10th Cir. 1986). This waiver, however, is not applied if the jury has returned an inconsistent verdict. *Cheney v. Moler*, 285 F.2d 116 (10th Cir.1960) (granting a new trial because the jury returned a verdict for plaintiff with "no damages" despite plaintiff losing his car as a result of a fight with defendant). The underlying rationale of both *Diamond* and *Cheney* is that a litigant could not have objected to an unforeseen error generated by the jury before the jury returned a verdict.

In the instant case, the Plaintiffs contend that, even though they did not object to the Court's special verdict form before the jury retired to deliberate, they are permitted to now contest its validity; the Plaintiffs claim the jury returned an inconsistent verdict. The Plaintiffs' reasoning assumes that an admission of negligence by Mr. Garcia compelled a finding of proximate cause by the jury. However, negligence and proximate cause are separate and distinct concepts of tort law. *Burrage v. Harrell*, 537 F.2d 837 (5th Cir. 1976); *see also*, New Mexico Uniform Jury Instruction §13-305. The Plaintiffs also cite to *Bonin v. Tour West, Inc.*, 896 F.2d 1260, 1263 (10th Cir. 1990) in support of their argument. The Plaintiffs analogize the special verdict form given here to the special verdict form given in *Bonin*. This analogy is inapposite. Unlike the special verdict form returned in *Bonin* where the jurors answered twelve questions that, in their totality, produced inconsistencies, the jurors, in the instant case, only answered one question on the special verdict form. Accordingly, because the Plaintiffs did not raise an objection to the special verdict form before it was announced by the jury, any objections to its accuracy are waived.

4

Moreover, "[t]he law is very clear that a litigant in a jury trial may not participate in the submission of an improper verdict or other improper matters and then seek to have the verdict set aside because it may turn out to be unfavorable." *Harrison v. ICX, Illinois-California Express*, 98 N.M. 247, 252 (N.M. Ct. App. 1982); *see also Aves By and Through Aves v. Shah*, 997 F.2d 762, 766 (10th Cir. 1993) (holding that a party who requests an instruction invites any error contained therein and, absent an objection before the instruction is given, waives review of the correctness of the requested instruction). Here, the Plaintiffs concede that their own proposed special verdict form contains the language which they now claim to be erroneous. They are, therefore, not at liberty to attack its validity after the jury has returned an unfavorable verdict.

### C. Whether the Plaintiffs' Failure to Object to Jury Instruction Number Ten Waives The Right to Later Object to Its Accuracy ?

Defendants contend that the Plaintiffs' challenges to jury instruction number ten are not properly preserved for review. Rule 51 of the Federal Rules of Civil Procedure provides that:

> At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make objection out of the hearing of the jury. FED. R. Civ. P. 51.

The intent of Rule 51 is to prevent a litigant from taking advantage of an error which could be rectified by the court if called to its attention by timely and specific objection. *Taylor v. Denver and Rio Grande Western Railroad Co.*, 438 F.2d 351, 353 (10th Cir. 1971). Rule 51 requires counsel "to make it abundantly clear to the trial court the objecting party's position." *Rogers v. Northern Rio Arriba Elec. Co-op., Inc.*, 580 F.2d 1039, 1042 (10th Cir. 1978). Additionally, as discussed *supra*, a litigant in a jury trial may not participate in the submission of an improper instruction to the jury

5

and then seek to have the verdict set aside because it may turn out to be unfavorable. *Harrison*, 98 N.M. at 252.

As with the case of the Plaintiffs' proposed special verdict form, the Plaintiffs admit that their own proposed jury instructions contain the language which the Plaintiffs now claim to be erroneous. Also, the record reflects that, before the jury began its deliberations, the Court afforded counsel an opportunity to object to the Court's proposed jury instructions; Plaintiffs did not offer an objection to jury instruction number ten. Therefore, the Plaintiffs have waived their right to challenge the accuracy of jury instruction number ten.

### D. Whether the Jury's Verdict is Against the Weight of the Evidence ?

The Plaintiffs also argue that the jury's verdict is against the weight of the evidence. The Plaintiffs did not, however, move for a directed verdict at the close of all the evidence. While the Defendants are correct in stating that "[f]ailure to move for a directed verdict bars review of the sufficiency of the evidence," this procedural obstacle is only applicable at the "appellate level." *F.D.I.C. v. United Pacific Ins.* Co., 20 F.3d 1070 (10$^{th}$Cir. 1994). Notwithstanding Plaintiffs' ability to seek review of the sufficiency of the evidence here, the evidence presented at trial was sufficient to warrant the jury's verdict. The Defense theory of the case admitted negligence on the part of the Deputy but denied that his negligence was the proximate cause of Perez's death. The Defense argued that the proximate cause of the accident was Perez's voluntary intoxication and subsequent passing out on the remote unlit highway late at night. It appears the jury agreed with the Defense.

### IV. Conclusion.

The Plaintiffs have waived their right to either attack the validity of question number two on the special verdict form or jury instruction number ten. The evidence presented at trial was sufficient to support the jury's verdict. As a result, a new trial is not warranted.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion for New Trial (Doc. 98), filed on December 3, 2003, is hereby **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**